UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> BCD MUSIC GROUP, INC., a Texas corporation; and DOES 1-10, inclusive, <br><br> Defendants. | CASE NO.  CV 07-5808 SJO (FFMx) <br><br> Honorable S. James Otero <br><br> [~~PROPOSED~~] **PROTECTIVE ORDER** |

This Court finds that good cause exists for a Protective Order on the terms and conditions stipulated by the parties.

Therefore, IT IS ORDERED as follows:

**1. DEFINITIONS**

1.1 As used herein, the term "confidential information" means: (a) any type of information that has not been made generally available to the public and the disclosure of which the disclosing party or third party contends would cause serious harm to the disclosing party's or third party's business operations or interests, including, but not limited to, contracts for personal services, customer lists, customer data, costs of goods or services sold, manufacturing or other costs

of doing business, employee salaries, marketing plans, financial performance data, sales records, inventory sheets, and manufacturing, product development, and business development strategies; (b) data derived from such confidential information, including any summaries, compilations, quotes, or paraphrases thereof; and (c) any other oral, written, or recorded material that consists of or contains trade secrets (as defined in California Civil Code § 3426.1(d)) or other confidential research, development, or commercial information (as defined in Fed. R. Civ. P. 26(c)(7)).

1.2     As used herein, the terms "document," "documents," "tangible things," "recordings," and "photographs" mean documents, writings, tangible things, recordings, and photographs as defined in Fed. R. Civ. P. 34(a) and Fed. R. Evid. 1001, and include, but are not limited to, records, exhibits, reports, samples, transcripts, video or audio recordings, disks, affidavits, briefs, summaries, notes, abstracts, drawings, company records and reports, answers to interrogatories, responses to requests for admissions, and motions, including copies or computer-stored versions of any of the foregoing.

**2.      DESIGNATION OF CONFIDENTIAL INFORMATION**

2.1     This PROTECTIVE ORDER applies to all discovery responses, documents, testimony, and other materials containing confidential information disclosed in this action that are designated by a party or third party as CONFIDENTIAL, as defined below, whether such disclosure is by order of the Court or by response to questions in a deposition, written interrogatories, requests for the production of documents and other tangible things, requests for admission, Rule 45 subpoenas to third parties, or any other discovery undertaken in this action.

2.2     Any party or third party responding to discovery in this action may protect information he, she, or it in good faith believes constitutes his, her, or its

confidential information by designating such information as CONFIDENTIAL, as defined below, prior to or at the time of disclosure of such information. Such designation shall be accomplished by placing the notation CONFIDENTIAL on every page of each document or portion thereof so designated. In the case of confidential information disclosed in a non-paper medium (e.g., videotape, audiotape, computer disks, etc.), the notation CONFIDENTIAL shall be affixed to the outside of the medium or its container so as to clearly give notice of the designation.  Such designation is deemed to apply to the document itself and to the confidential information contained therein.

2.3   Confidential information so designated shall be used only for the purposes of this litigation and may not be used by any party to whom or which that information is produced or disclosed for research, development, sales, marketing, publicity, or competitive purposes, or any other purpose.  Confidential information so designated shall not be disclosed to anyone other than those persons identified in Paragraphs 4.3, infra, except as may be ordered by the Court or agreed to in writing by the parties.  If any information designated by a party or third party as confidential is thereafter used by a party to whom or which it has been produced or disclosed as part of a paper filed or lodged with the Court in this action or in a response to a discovery request in this action, the party using that information shall take all reasonable steps to preserve the continued confidentiality of that designated confidential information.  This includes maintaining the designation of confidentiality in all places where that information is so used and requesting that such information is filed or lodged with the Court under seal in accordance with the procedures of C.D. Cal. Local Rule 79-5.1.

2.4   The parties and any third parties responding to discovery in this action shall use reasonable care to avoid designating any materials as CONFIDENTIAL that are: (a) not entitled to such designation, or (b) generally available to the public.

## 3. **DEPOSITIONS**

3.1 With respect to the examination of witnesses upon oral deposition, when designated confidential information is supplied to the deponent, or when the deponent's testimony contains, reflects, or comments on designated confidential information, the deposition reporter and/or videotape operator shall be informed of this PROTECTIVE ORDER by the party or third party seeking to invoke its protection. The reporter and/or videotape operator then shall place or the cover of any deposition transcript or videotape that contains any designated confidential information the words "CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO A COURT PROTECTIVE ORDER." Counsel for the parties then shall take appropriate steps to prevent any portions of any deposition transcript or videotape designated CONFIDENTIAL from being disclosed to any person, except as provided in this PROTECTIVE ORDER.

3.2 Testimony at a deposition may be designated CONFIDENTIAL if this PROTECTIVE ORDER is invoked at the deposition by counsel for a party or third party or the deponent. The designating party or third party also may, within thirty (30) days after receiving a copy of the deposition transcript, provide all parties with a written list of the page(s) of the deposition transcript, and any exhibits attached thereto, that the party or third party designates CONFIDENTIAL. If a deponent has disclosed something at a deposition that a party or third party believes should be designated as confidential information, the party or third party so believing can go back during the deposition and designate that information as CONFIDENTIAL, as may be appropriate.

3.3 Each deponent to whom any party or third party proposes to disclose designated confidential information at a deposition, trial, or other proceeding shall be given a copy of this PROTECTIVE ORDER and informed of its contents and

1  the attorney showing the witness the document shall request that the witness sign
2  the "ACKNOWLEDGMENT," which is attached hereto as Exhibit A.
3      3.4  If designated confidential information is to be discussed or disclosed
4  in a deposition, any party or third party claiming such confidentiality may exclude
5  from the room any person who is not entitled to receive such confidential
6  information during that portion of the deposition in which the confidential
7  information is actually discussed or disclosed. If designated confidential
8  information is to be discussed or disclosed at a hearing or at trial, the parties may
9  request that the Court exclude from the courtroom any person who is not entitled to
10 receive such confidential information during that portion of the hearing or trial in
11 which the confidential information is actually discussed or disclosed.
12
13 **4.  DISCLOSURE OF DESIGNATED CONFIDENTIAL INFORMATION**
14     4.1  The parties, counsel for the parties, and all persons who execute the
15 ACKNOWLEDGMENT shall maintain all designated confidential information in
16 confidence and shall not disclose such information, directly or indirectly, to any
17 person except as provided in this PROTECTIVE ORDER.
18     4.2  While the disclosure of confidential information designated
19 CONFIDENTIAL to persons not authorized by this PROTECTIVE ORDER could,
20 by definition, be prejudicial to the business, operations, or interests of the
21 designating party or third party, the CONFIDENTIAL designation should not be
22 overused.
23     4.3  Access to confidential information designated as CONFIDENTIAL
24 shall be limited to the following persons:
25        4.3.1  Outside and in-house counsel for the parties and their support
26 personnel such as paralegal assistants, secretarial, stenographic and clerical
27 employees and contractors, and outside copying services who are working on this
28

litigation under the direction of such attorneys and to whom it is necessary that the material be disclosed for purposes of this litigation.

      4.3.2   Consultants requested by the parties' counsel to furnish expert or litigation support services in this litigation shall sign the ACKNOWLEDGMENT.

      4.3.3   Pursuant to Paragraphs 3.1 through 3.4, supra, deponents at their depositions. Counsel should have a good faith belief that such disclosure is necessary before disclosing designated confidential information to the deponent.

      4.3.4   Current officers, directors, and employees of the parties to this action.

      4.3.5   The Court and its staff, mediators used in settlement proceedings in this action and their staff, and members of a jury impaneled for a trial in this action.

   4.4   Nothing herein shall prohibit a party, or his or its counsel, from disclosing a document that contains confidential information to the person whom the document identifies as an author, addressee, or recipient of such document.

## 5.   CHALLENGING A DESIGNATION

   5.1   A Party which disputes the propriety of a designation as "CONFIDENTIAL" shall challenge such designation within a reasonable time after the materials are so designated.

      5.1.1   In the event that a Party challenges such designation, that Party shall provide written notice to the Designating Party of its disagreement with the designation.  The Parties shall first attempt to resolve the dispute in good faith.  If the dispute cannot be resolved, the receiving Party may give the Designating Party written notice of the date, not earlier than thirty (30) days after said notice has been given, after which it will regard such material as not being entitled to the protections afforded Confidential Information under this Order.  The Designating

Party may apply to the Court prior to said date for a ruling concerning the status of such material in accordance with Local Rules 37-1 through 37-4, and, pending such application and ruling, the receiving Party shall treat such material as Confidential Information under this Order.  If such application is not filed within the specified time limits, the material in question shall not be treated as Confidential Information hereunder.

      5.1.2  If, after hearing pursuant to paragraph 5.1.1, the receiving Party prevails and the Court determines that the material was incorrectly designated as "CONFIDENTIAL", the same procedure shall be followed with respect to any subsequent dispute regarding the designation of materials by the same Designating Party.  If, however, after hearing pursuant to paragraph 5.1.1, the Designating Party prevails and the Court determines that the material was correctly designated as "CONFIDENTIAL", in any subsequent dispute regarding the propriety of any other designation by that same Designating Party, the receiving Party shall have the burden of applying to the Court, in accordance with the procedure described above, for a ruling concerning the status of the material, and pending such application and ruling, the receiving Party shall treat such material as Confidential Information under this Order.  If the receiving Party does not file such application, the Designating Party need not apply to the Court for a ruling concerning the status of the material in question, and that material shall be treated as Confidential Information hereunder.

      5.1.3  If after hearing pursuant to Paragraph 5.1.1, the Court determines that some material in question was properly designated "CONFIDENTIAL" and other material was not, the prevailing Party for purposes of this paragraph 5.1 shall be the Party whose position was determined to be correct in the majority of instances as calculated by the number of documents, responses to interrogatories or deposition answers decided to have been correctly designated.

5.1.4  In any hearing pursuant to this paragraph, the burden of proving that material has been properly designated as "CONFIDENTIAL" is on the Party making such designation.

5.2   For documents that any party might wish to file with the Court under seal, that party shall employ the procedures of Local Rule 79-5.1 and comply with the requirements of Section 9, infra.

5.3   No party shall be obliged to challenge the propriety of a CONFIDENTIAL designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

**6.   INADVERTENT FAILURE TO DESIGNATE**

6.1   The inadvertent failure to designate confidential information as CONFIDENTIAL prior to or at the time of disclosure shall not operate as a waiver of a party's or third party's right to designate such information as CONFIDENTIAL within thirty (30) days after such disclosure or after notice of such disclosure, whichever is later.

6.2   In the event that confidential information is designated as CONFIDENTIAL after disclosure but within the thirty (30) day period allowed under Paragraph 6.1, supra, the receiving party shall employ reasonable efforts to ensure that all previously disclosed information is subsequently treated as CONFIDENTIAL, as appropriate, pursuant to the terms of this PROTECTIVE ORDER.

6.3   Should any document or information designated as CONFIDENTIAL be disclosed, through inadvertence or otherwise, to any person or party not authorized to see such materials under this PROTECTIVE ORDER, then the disclosing party shall: (a) promptly inform such person of all the provisions of this PROTECTIVE ORDER, (b) identify the name, address, telephone number, employer, and title or position of such person immediately to the party or third

1  party that or who designated the document, and (c) request such person sign the
2  ACKNOWLEDGMENT.  If signed, the executed ACKNOWLEDGMENT shall
3  then promptly be served upon the party or third party that designated the document
4  or information.

## 7. CUSTODY AND DISPOSITION OF DESIGNATED CONFIDENTIAL INFORMATION

7.1     Confidential information designated CONFIDENTIAL shall be maintained in the custody of counsel for the parties, including in-house counsel, except for information in the custody of: (a) the Court; (b) any court reporter transcribing testimony given in this action, for the limited purpose of rendering his or her normal transcribing services; and (c) consultants entitled to see such information under the terms of this PROTECTIVE ORDER, to the extent necessary for their study, analysis, and preparation of the case. Except for the Court, a person with custody of information designated CONFIDENTIAL shall maintain it in a manner that limits access to it to only those persons entitled under this PROTECTIVE ORDER to examine it. Counsel may furnish information designated CONFIDENTIAL in written format to persons authorized under this PROTECTIVE ORDER to receive it.

7.2     Unless counsel agree otherwise in writing, within sixty (60) days of the conclusion of this litigation, whether by settlement or final decision of the Court, the parties, counsel for the parties, and all persons who executed the ACKNOWLEDGMENT agree that they will destroy or return to the producing party or third party all copies of any documents, other than attorney work product, containing designated confidential information produced by a party or third party.

Notwithstanding the foregoing, counsel of record and each party shall be permitted to retain a file copy of all pre-trial, trial, and post-trial materials, depositions and deposition exhibits, and document databases. Nothing in this

paragraph shall be construed to require any party to return or destroy work product or attorney client privileged communications, whether from or to outside or in-house counsel. Such file copies must be maintained under the conditions of maintaining CONFIDENTIAL documents as set forth in Paragraph 7.1, supra.

## 8.   MISCELLANEOUS PROVISIONS

8.1   The provisions of this PROTECTIVE ORDER apply to all proceedings in this action, including all appeals, arbitrations, and proceedings upon remand, except that the provisions of this PROTECTIVE ORDER shall not apply to evidence presented at court proceedings nor otherwise restrict any party from introducing designated confidential information as evidence at trial.  A party may seek a protective order prior to trial with respect to testimony containing designated confidential information that may be offered at trial or specific documents containing designated confidential information that may be marked as exhibits at trial in order to maintain the continued confidentiality of such information.

8.2   A designation of confidentiality pursuant to this PROTECTIVE ORDER shall be effective and shall be respected by the parties and all persons in any way involved in these proceedings or to whose attention confidential information shall come unless and until otherwise ordered by the Court or stipulated by all parties to this action. These obligations of confidentiality and nondisclosure shall survive the conclusion of this action unless and until otherwise ordered by the Court, or until the parties to this action stipulate that designated confidential information can be disclosed.

8.3   By entering into this PROTECTIVE ORDER, no party or third party waives any objections it might have to the production of documents covered by this PROTECTIVE ORDER.

8.4    No party to this action, by entering into this PROTECTIVE ORDER, by designating certain information as CONFIDENTIAL, or by acquiescing in any other party's such designation, shall be deemed to have admitted or agreed that any such designated information is, in fact, a trade secret or other confidential research, development, or commercial information.

8.5    The Court retains jurisdiction even after termination of this action to enforce this PROTECTIVE ORDER and to make such deletions from or amendments, modifications, and additions to the PROTECTIVE ORDER the Court may from time to time deem appropriate. The parties hereto reserve all rights to apply to the Court at any time, before or after termination of this action, for an order modifying this PROTECTIVE ORDER or seeking further protection against disclosure or use of claimed confidential information.

8.6    Nothing herein shall be construed as limiting the rights of third parties involved in other actions to conduct legitimate discovery or otherwise limit the subpoena power of another court absent a motion for a protective order in such other proceeding or court.

## 9.    FILING OR LODGING UNDER SEAL

9.1    If any party or third party seeks to file or lodge with the Court any documents or things that contain designated confidential information, such materials shall be submitted to the Court in accordance with the procedures set forth in C.D. Cal. Local Rule 79-5.1 for filing documents under seal. Where one party or third party wishes to file or lodge any documents or things with the Court under seal, the other party or parties shall not unreasonably withhold agreement to such filing or lodging under seal. If such agreement is provided, the parties shall submit to the Court a stipulation and proposed order for such filing or lodging under seal. If no such agreement is provided, then the filing or lodging party or

1 third party shall submit an application and proposed order to the Court pursuant to
2 C.D. Cal. Local Rule 795.1.

3       9.2    The Clerk of the Court shall maintain under seal all documents and
4 transcripts of deposition testimony filed with this Court in this litigation by any
5 party which are, in whole or in part, designated as CONFIDENTIAL, including all
6 pleadings, deposition transcripts, exhibits, discovery responses or memoranda
7 purporting to reproduce or paraphrase such information, only after the Court grants
8 an application filed pursuant to C.D. Cal. Local Rule 79-5.1.  The person filing
9 such an application shall designate to the Clerk that all or a designated portion
10 thereof is subject to this Order and requested to be kept under seal, except that
11 upon the default of the filing party to so designate, any party may do so.

**10.    <u>GOOD CAUSE STATEMENT</u>**

Pursuant to Fed. R. Civ. P. 26(c)(7), good cause exists for entry of this PROTECTIVE ORDER because the parties to this action: (1) have sought and expect to seek in the future the discovery of certain information in this action that is sensitive, private, and confidential, or that third parties required to get involved in discovery in this action might believe is sensitive, private, and confidential, including, but not limited to, information concerning the amounts paid under and other terms in confidential contracts entered into by the parties with third parties, and the financial and other terms of contracts entered into by the parties that are competitively sensitive and that would ham the parties if such terms were disclosed to their competitors; (2) believe that unrestricted disclosure or dissemination of such information will cause them some business, commercial, and privacy injury; (3) desire an efficient and practicable means to designate such information as

Mitchell Silberberg & Knupp LLP
1722723.3

1  confidential and thereby help ensure its continued protection against unwarranted
2  disclosure or dissemination; and (4) have agreed to such means as set forth herein.
3
4
5  DATED: April 3, 2008                  / S / FREDERICK F. MUMM
6                                        ———————————————————
                                         Honorable Frederick F. Mumm
                                         United States Magistrate Judge
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Mitchell Silberberg & Knupp LLP

1722723.3

SUBMITTED BY:

LOEB & LOEB LLP


By: _____
    Jeffrey D. Goldman
    Attorneys for Plaintiff
    UMG Recordings, Inc.

DREIER STEIN KAHAN BROWN WOODS GEORGE LLP


By: _____
    Mark D. Passin
    Attorneys for Defendant
    BCD Music Group, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>BCD MUSIC GROUP, INC., a Texas corporation; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.   CV 07-5808 SJO (FFMx)<br><br>**ACKNOWLEDGMENT** |

I, _____ (print or type name), in connection with the above-entitled action, hereby acknowledge that I have received a copy of the Stipulation Re: Confidential Information and Protective Order entered into between the parties, which is attached hereto as Exhibit 1, have read the same, and agree to be bound by all of the provisions thereof.

I hereto agree to submit to the jurisdiction of the United States District Court of the Central District of California for enforcement of the undertaking made herein.

Dated:_____

Signature_____

Print Name_____