JEFFREY D. GOLDMAN (Bar No. 155589),
JGoldman@jmbm.com
BRIAN M. YATES (Bar No. 241798),
BYates@jmbm.com
JEFFER MANGELS BUTLER & MITCHELL LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067-4308
Telephone:  (310) 203-8080
Facsimile:  (310) 203-0567

Attorneys for Plaintiff UMG Recordings, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>v.<br><br>BCD MUSIC GROUP, INC., a Texas corporation; and DOES 1-10, inclusive,<br><br>            Defendants. | CASE NO.  CV 07-5808 SJO (FFMx)<br><br>**PLAINTIFF UMG RECORDINGS, INC.'S MOTION FOR ASSIGNMENT ORDER, RESTRAINING ORDER AND TURNOVER ORDER AGAINST JUDGMENT DEBTOR DEEP DISTRIBUTION WORLDWIDE, INC.**<br><br>[Declaration of Brian M. Yates filed concurrently]<br><br>Date:        August 20, 2012<br>Time:        10:00 a.m.<br>Courtroom: 1, 2nd Floor<br>Judge:       Hon. S. James Otero |

COPY

JMBM | Jeffer Mangels Butler & Mitchell LLP

LODGED

2012 JUL 16  PM 4:02
CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
LOS ANGELES

BY

PRINTED ON
RECYCLED PAPER
LA 8772466v1

1       **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2       **PLEASE TAKE NOTICE** that, on August 13, 2012 at 10:00 a.m. in

3   Courtroom 1 of the above entitled Court, located at 312 N. Spring Street, Los

4   Angeles, CA 90012, the Honorable S. James Otero presiding, plaintiff and judgment

5   creditor UMG Recordings, Inc. ("UMG") will and hereby does move for the

6   following relief:

7       1.    For an Order assigning all accounts, accounts receivable, rights to

8   payment of money, contract rights, rights to payment of money from third parties,

9   contingent rights, deposits and deposit accounts, claims against third parties, and

10   monies due from third parties, listed below as follows:

11       (a)    AEC One Stop Group, Inc., 4250 Coral Ridge Drive, Coral

12   Springs, FL 33065-7616;

13       (b)    Amazon.com, Inc., 410 Terry Ave. N., Seattle, WA 98109-5210;

14       (c)    B&T Music & More, 1503 Montague Avenue Ext. Ste. I,

15   Greenwood, SC 29649-9015;

16       (d)    Be-Bop Record Shop, Inc., 900 E. County Line Rd. 140,

17   Ridgeland, MS 39157-1952;

18       (e)    Dimple Records, Inc., 2433 Arden Way, Sacramento, CA 95825-

19   2411;

20       (f)    DTLR Inc., 1300 Mercedes Drive, Hanover, MD 21076;

21       (g)    Forever Young, Inc., 1880 Century Park E, Ste. 900, Los Angeles,

22   CA 90067-1610;

23       (h)    Gallery of Sound, 180 Mundy Street, Wilkes Barre, PA 18702-

24   6831;

25       (i)    Hot Topic, Inc., 18305 San Jose Ave., City of Industry, CA

26   91748-1237;

27       (j)    Independent Records & Video, 3030 E. Platte Ave., Colorado

28   Springs, CO 80909-6243;

JMBM | Jeffer Mangels Butler & Mitchell LLP

1      (k)     The Orchard Enterprises NY, Inc., 23 E. 4th Street Floor 3, New

2  York, NY 10003-7023;

3      (l)     SJ Distribution LLC, 11012 Aurora Hudson Road, Streetsboro,

4  OH 44241-1629;

5      (m)    Super D, 17822 Gillette Ave., Ste. A, Irvine, CA 92614-0527;

6      (n)     Trans World Entertainment Corporation, 38 Corporate Circle,

7  Albany, NY 12203-5121;

8      (o)     Vintage Vinyl Records, 51 Lafayette Road, Fords, NJ 08863-

9  1046;

10      (p)     Waterloo Records & Video, 600 N. Lamar Blvd., Ste. A, Austin,

11  TX 78703-5400;

12  in favor of and for the benefit of judgment debtor Deep Distribution Worldwide, Inc.

13  ("DDW"), or any of DDW's partners, assignees, and other persons acting on its

14  behalf, to UMG care of its attorney, Jeffrey D. Goldman, Jeffer Mangels Butler and

15  Mitchell LLP, 1900 Avenue of the Stars, 7th Floor, Los Angeles, CA 90067, for

16  purposes of payment of the Amended Judgment issued against DDW on October 6,

17  2011 in the amount of $7,200,000, plus interest and costs as may be allowed, such

18  assignment to remain in place until such time as the Amended Judgment is satisfied

19  in full, including accrued interest.

20      2.     For an order staying, prohibiting and enjoining DDW from cashing,

21  negotiating, advancing, or collecting, any and all accounts, accounts receivable, rights

22  to payment of money, claims for payment of money due from third parties, or other

23  rights subject to the assignment sought in paragraph 1 above.

24      3.     For an order compelling DDW to turn over and deliver all checks, cash,

25  notes, instruments, deposits, deposit accounts, drafts, and accounts receivable ledgers

26  or journals, pertaining to the items identified in paragraph 1 above, to the Marshal,

27  Central District of California, 255 E. Temple Street, Room 346, Third Floor, Los

28  Angeles, CA 90012-4798.

PRINTED ON
RECYCLED PAPER

LA 8772466v1

- iii -

Motion for Assignment Order, Restraining Order
and Turnover Order

1        This motion is brought pursuant to Federal Rule of Civil Procedure 69(a) and

2   California Code of Civil Procedure §§ 708.510, 708.520 and 699.040 on the grounds

3   that DDW has failed to make any payment whatsoever on the Amended Judgment

4   issued in this matter on October 6, 2011.  The entities listed in paragraph 1 above

5   were identified by DDW in written discovery as its distributors and customers.

6   Discovery has also revealed that DDW has received and continues to receive

7   payments from some or all of the entities listed in paragraph 1 above, including but

8   not limited to The Orchard and Amazon.com, but none of the funds received by

9   DDW have been paid to UMG in satisfaction of the Amended Judgment.  DDW's

10   continued receipt of such payments and refusal to satisfy is obligations under the

11   Amended Judgment demonstrates a need for the requested relief.

12        This motion is made following the conference of counsel pursuant to L.R. 7-3

13   which took place on May 23, 2012.

14        This motion is based upon this Notice, the accompanying Memorandum of

15   Points and Authorities, the declaration of Brian M. Yates filed concurrently herewith,

16   the pleadings and papers on file herein, and such other and further evidence and

17   argument that may be presented to the Court prior to or at the hearing on this Motion.

18

19   DATED: July 16, 2012                  JEFFER MANGELS BUTLER & MITCHELL

20                                         LLP
                                           JEFFREY D. GOLDMAN
21                                         BRIAN M. YATES

22

23

24   By: _____

25                                         BRIAN M. YATES
                                           Attorneys for Plaintiff UMG RECORDINGS,
26                                         INC.

27

28

LA 8772466v1

Motion for Assignment Order, Restraining Order
and Turnover Order

PRINTED ON
RECYCLED PAPER

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## <u>INTRODUCTION</u>

It has been over three years since defendant BCD Music Group, Inc. ("BCD") stipulated to a judgment (the "Judgment") in favor of plaintiff UMG Recordings, Inc. ("UMG") for $7.2 million. [Docket No. 199]  During that time, BCD has not made a single payment to UMG.  As part of its efforts to enforce the Judgment, in June 2009 UMG filed a Motion for Assignment of Rights, Restraining Order, and Turnover Order.  [Docket No. 215]  UMG's motion was granted by the Court, which issued an Order on July 9, 2009 (the "July 2009 Order").  [Docket No. 222]  The July 2009 Order included an Assignment Order, a Restraining Order, and a Turnover Order against BCD.  The Court cited multiple factors supporting its decision to issue each of these orders, including "BCD's blatant disregard for its obligation to satisfy the judgment against it" (*Id.* at 4), "BCD's conduct in defaulting on the payment program under the settlement agreement, and refusing to voluntarily satisfy the judgment against it" (*Id.* at 4), "a need to protect the assigned rights to payment from transfer or disposition by BCD" (*Id.* at 4-5), and BCD's "dilatory tactics" (*Id.* at 5).

Over a year ago, the Court ruled that Deep Distribution Worldwide, Inc. ("DDW") was BCD's alter ego, finding that BCD had transferred its business to DDW in a pattern of behavior that "suggest[s] the intent of [BCD's principals] Blakeslee and Mitra to defraud the Court." *See* Order Granting in Part and Denying in Part UMG's Motion to Amend Judgment dated February 25, 2011 [Docket No. 303] (the "February 25 Order"), p. 5.  On October 6, 2011, the Court issued an Amended Judgment adding DDW as a judgment debtor and providing that "UMG shall have and recover from BCD and DDW, jointly and severally, the total sum of" $7.2 million.  Amended Judgment [Docket No. 324], p. 4.

Like BCD before it, DDW has not made a single payment on the Amended Judgment and has exhibited blatant disregard for its obligations pursuant to the

1    Amended Judgment.  Good cause therefore exists for this Court to issue a new

2    Assignment Order, Restraining Order and Turnover Order against DDW.  In its

3    recent discovery responses, DDW purported to identify its distributors and customers.

4    Documents produced by DDW have also revealed that DDW continues to receive

5    income from some or all of these entities, including but not limited to The Orchard

6    Enterprises NY, Inc. ("The Orchard") and Amazon.com, Inc. ("Amazon").  None of

7    these funds have been used to satisfy DDW's obligation to UMG.  To the contrary,

8    discovery has revealed that as soon as DDW receives any significant payment, it

9    immediately transfers the funds out of its account to avoid payment to UMG.  This

10   pattern of improper conduct demonstrates the need to issue an Assignment Order,

11   Restraining Order and Turnover Order imposing the same restrictions against DDW

12   as the July 2009 Order against BCD.

13

14                                         **II.**

15                              **LEGAL ARGUMENT**

16   A.   **California Procedural Law Governs Enforcement of the Amended**

17        **Judgment**

18        Federal Rule of Civil Procedure 69(a) provides:  "A money judgment is

19   enforced by a writ of execution, unless the court directs otherwise.  The procedure on

20   execution--and in proceedings supplementary to and in aid\of judgment or execution--

21   must accord with the procedure of the state where the court is located, but a federal

22   statute governs to the extent it applies."  This Court is located in California and thus

23   should apply California procedural law to enforce the judgment.

24        Under California law, DDW's accounts and rights to payment are subject to

25   levy under a writ of execution to satisfy the Amended Judgment.  "Except as

26   otherwise provided by law, all property that is subject to enforcement of a money

27   judgment … is subject to a levy under a writ of execution to satisfy a money

28   judgment."  Cal. Code Civ. Proc. § 699.710.  "Except as otherwise provided by law,

1   all property of the judgment debtor is subject to enforcement of a money judgment."

2   Cal. Code Civ. Proc. § 695.010(a).  None of the exceptions contained in the

3   California Code of Civil Procedure apply to the accounts at issue here, all of which

4   are therefore subject to levy by UMG under a writ of execution.

5          A writ of execution was issued in this action in favor of UMG against both

6   BCD and DDW on May 30, 2012.  [Docket No. 342-1]  UMG now seeks to levy on

7   DDW's accounts and rights to payment under this writ of execution.  To allow UMG

8   to do so effectively, it is necessary for the Court to issue an Assignment Order,

9   Restraining Order and Turnover Order against DDW.

10

11  **B.**     **The Court Should Issue an Assignment Order Against DDW**

12          1.     The Relevant Factors Weigh in Favor of Issuing an Assignment Order

13          California Code of Civil Procedure § 708.510 permits the Court to issue an

14  assignment order against DDW.  "Except as otherwise provided by law, upon

15  application of the judgment creditor on noticed motion, the court may order the

16  judgment debtor to assign to the judgment creditor or to a receiver ... all or part of a

17  right to payment due or to become due..."  Cal. Code Civ. Proc. § 708.510(a).  In

18  deciding whether to grant an assignment order, the Court "may take into

19  consideration all relevant factors."  Cal. Code Civ. Proc. § 708.510(c).  Among the

20  factors listed in the statute are "[t]he amount remaining due on the money judgment"

21  and "[t]he amount being or to be received in satisfaction of the right to payment that

22  may be assigned."  Cal. Code Civ. Proc. § 708.510(c)(3)-(4).  Both of these factors

23  weigh in favor of issuing an Assignment Order against DDW in this case.  Neither

24  BCD nor DDW has made a single payment on the Amended Judgment, meaning that

25  "the amount remaining due" is the full amount, $7.2 million.  Nor have BCD and

26  DDW given any indication that either of them intends to make any payments in the

27  future, meaning that "the amount being or to be received in satisfaction of the right to

28  payment" is zero.

JMBM  |Jeffer Mangels
       |Butler & Mitchell LLP

1    The sole constraint placed on the Court is that "the right to payment be

2    assigned only to the extent necessary to satisfy the creditor's money judgment."

3    *Sleepy Hollow Inv. Co. No. 2 v. Prototek, Inc.*, 2006 WL 279349, *2 (N.D. Cal.

4    2006); *see also* Cal. Code Civ. Proc. § 708.510(d) ("A right to payment may be

5    assigned pursuant to this article only to the extent necessary to satisfy the money

6    judgment."). There is no danger of the assignment exceeding the amount of the

7    Amended Judgment against DDW in this case. Together with BCD, DDW still owes

8    the full $7.2 million and has not made a single payment.

9         2.   DDW Has Provided a List of Its Distributors and Customers

10   In its Supplemental Responses to UMG's First Set of Interrogatories served on

11   February 23, 2012, DDW provided a list of at least some of its distributors and

12   customers.[1] *See* Declaration of Brian M. Yates ("Yates Decl."), Ex. 1, pp. 10-12. In

13   addition to identifying at least some of its distributors and customers in its

14   interrogatory responses, recent documents produced by DDW demonstrate that DDW

15   continues to receive payments from some, if not all, of the named entities, including

16   but not limited to The Orchard and Amazon. *See* Yates Decl., Ex. 2.

17

18

19

20

21                                                                          *Id.*

22   This practice underscores the need to issue an Assignment Order against DDW.

23

24

25   [1] The list included the following entities: (a) AEC One Stop Group, Inc.; (b) Amazon.com, Inc.; (c) B&T Music & More; (d) Be-Bop Record Shop, Inc.; (e)

26   Dimple Records, Inc.; (f) DTLR Inc.; (g) Forever Young, Inc.; (h) Gallery of Sound, (i) Hot Topic, Inc.; (j) Independent Records & Video; (k) The Orchard Enterprises

27   NY, Inc.; (l) SJ Distribution LLC; (m) Super D; (n) Trans World Entertainment Corporation; (o) Vintage Vinyl Records; (p) Waterloo Records & Video.

28

JMBM | Jeffer Mangels Butler & Mitchell LLP

**C.    The Court Should Issue a Restraining Order Against DDW**

When a judgment creditor applies for an assignment order, California Code of Civil Procedure § 708.520 permits the Court to issue a restraining order preventing the judgment debtor "from assigning or otherwise disposing of the right to payment that is sought to be assigned." Cal. Code Civ. Proc. § 708.520(a).  A restraining order may issue "upon a showing of need for the order." Cal. Code Civ. Proc. § 708.520(b).

As part of the July 2009 Order, the Court issued a Restraining Order against BCD.  The purpose of the Restraining Order was to "protect the assigned rights to payment from transfer or disposition by BCD." July 2009 Order, p. 5.  The same need exists with respect to DDW.  DDW has continued BCD's pattern of improper conduct by failing to make a single payment on the Amended Judgment, even though DDW continues to receive income from its distributors and customers.  When DDW has received payments from The Orchard, Amazon and other distributors and customers, DDW has immediately transferred these payments out of its account to prevent enforcement of the Amended Judgment. *See* Yates Decl., Ex. 2.  This conduct justifies imposing a Restraining Order on DDW to prevent its continued disposal of the rights to payment that are to be assigned to UMG.

**D.    The Court Should Issue a Turnover Order Against DDW**

In the July 2009 Order, the Court also issued a Turnover Order requiring BCD to "deliver all checks, cash, notes, instruments, deposits, deposit accounts, drafts, and accounts receivable ledgers or journals" related to the accounts identified in the Assignment Order to the U.S. Marshal for the Central District. July 2009 Order, p. 8. The purpose of this Turnover Order was "to help curtail BCD's dilatory tactics and give effect to the assignment order." *Id.* at 5.  California Code of Civil Procedure § 699.040 permits the Court to issue a Turnover Order after a writ of execution is issued.  "If a writ of execution is issued, the judgment creditor may apply to the court

1   ... for an order directing the judgment debtor to transfer to the levying officer ...

2   Possession of documentary evidence of title to property of or a debt owed to the

3   judgment debtor that is sought to be levied upon." Cal. Code Civ. Proc. § 699.040(a).

4   A writ of execution was issued in this case on May 30, 2012. [Docket No. 342-1]

5        Issuing a Turnover Order against DDW is appropriate in this case to make the

6   Assignment Order effective. Like BCD before it, DDW has refused to make a single

7   payment on the Amended Judgment, in spite of DDW's continued receipt of income

8   from its distributors and customers. Rather than use these payments to satisfy the

9   Amended Judgment, DDW has transferred them out of its account to thwart UMG's

10  enforcement efforts. The Court should therefore issue a Turnover Order against

11  DDW.

12

13                              **III.**

14                          **CONCLUSION**

15       For the reasons set forth above, UMG requests that the Court issue an

16  Assignment Order, Restraining Order and Turnover Order against DDW. Without

17  these orders, DDW will continue to conduct business as usual, collecting income

18  from its distributors and customers without making any effort to satisfy its obligation

19  to UMG under the Amended Judgment.

20

21  DATED: July 16, 2012        JEFFER MANGELS BUTLER & MITCHELL LLP

22                              JEFFREY D. GOLDMAN
                                BRIAN M. YATES
23

24

25  By:_____

26                              BRIAN M. YATES
                                Attorneys for Plaintiff UMG RECORDINGS, INC.
27

28

PRINTED ON
RECYCLED PAPER

LA 8772466v1                      - 6 -        Motion for Assignment Order, Restraining Order
                                               and Turnover Order

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, CITY AND COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  1900 Avenue of the Stars, 7th Floor, Los Angeles, California 90067.

On July 16, 2012 I served the document(s) described as **PLAINTIFF UMG RECORDINGS, INC.'S MOTION FOR ASSIGNMENT ORDER, RESTRAINING ORDER AND TURNOVER ORDER AGAINST JUDGMENT DEBTOR DEEP DISTRIBUTION WORLDWIDE, INC.** in this action addressed as follows:

> Thomas A. Brackey, II
> Freund and Brackey
> 427 North Camden Drive
> Beverly Hills, CA  90210

☒ (BY MAIL) True and correct copies of the aforementioned document(s) were deposited, in a sealed envelope with postage thereon fully prepaid, with the U.S. Postal Service on that same day to be mailed via first class mail at Los Angeles, California.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on July 16, 2012 at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

_Roberta L. Franchimone_
Roberta L. Franchimone

Proof of Service